Filed 10/11/22 In re K.C. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re K.C., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B318413 (Super. Ct. No. J072581) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY, Plaintiff and Respondent, v. C.C., Defendant and Appellant. | |

C.C. (mother) appeals the juvenile court's orders terminating parental rights to her two-year-old son, K.C. (Welf. & Inst. Code, § 366.26.)[1] She contends the court and Ventura

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

County Human Services Agency (HSA) failed to comply with the inquiry requirements of the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.; ICWA)[2] and California law. We agree the record does not establish that the expanded duty of initial inquiry set forth in section 224.2, subdivision (b) has been satisfied. Accordingly, we conditionally affirm the judgment and remand for further proceedings.

FACTS AND PROCEDURAL BACKGROUND

K.C. was taken into protective custody after he tested positive for amphetamines and methamphetamine at birth. HSA's section 300 petition alleged K.C. was at risk of harm because of his parents' substance abuse issues and noted that two of his half-siblings were dependents of the juvenile court due to mother's drug use during those pregnancies.[3]

Mother and father attended the detention hearing on June 25, 2020. They presented their ICWA-020 Parental Notification of Indian Status forms in which they each stated: "I have no American Indian ancestry as far as I know." No other ICWA information was offered to the juvenile court. Based on parents' representations, the court found ICWA does not apply to K.C.

---

[2] Because ICWA uses the term "Indian," we will do the same for consistency, even though we recognize that "other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1.)

[3] Mother has six children in addition to K.C. Two are adults; one is in the juvenile delinquency system; two are in parental custody and receiving family maintenance services; and one is receiving permanent placement services. K.C. is mother's only child with C.F. (father), who is not a party to this appeal.

Reunification services were unsuccessful.  The juvenile court terminated services and set the matter for a section 366.26 permanency placement hearing.  At that hearing, the court admitted HSA's reports into evidence and heard mother's testimony.  It found by clear and convincing evidence that K.C. is adoptable and that there is no relevant exception to termination of parental rights.

DISCUSSION

"Regardless of a parent's response concerning his or her possible Indian ancestry on the ICWA-020 Parental Notification of Indian Status form or when questioned by the court at the initial appearance, if, as here, a child has been detained and placed in the temporary custody of a child protective agency, section 224.2, subdivision (b), requires the agency to ask the child, the parents, extended family members and others who have an interest in the child whether the child is, or may be, an Indian child."  (*In re Rylei S.* (2022) 81 Cal.App.5th 309, 318, fn. omitted (*Rylie S.*).)  Extended family members include grandparents, aunts and uncles, siblings, brothers-in-law and sisters-in-law, nieces and nephews, first and second cousins, and stepparents.  (25 U.S.C.S. § 1903(2); § 224.1, subd. (c).)

If, based on this initial inquiry, HSA or the juvenile court has a reason to believe the minor is an Indian child, HSA must make further inquiry regarding the possible Indian status of the child.  (§ 224.2, subd. (e).)  This "duty to develop information concerning whether a child is an Indian child rests with the court and the [agency], not the parents or members of the parents' families."  (*In re Antonio R.* (2022) 76 Cal.App.5th 421, 430 (*Antonio R.*).)

HSA concedes "[t]he record does not reflect that either HSA or the court asked th[e] named family members about

3

Indian ancestry, and this oversight may have been an error." It further acknowledges that "because the parents mentioned various relatives to the social worker and section 224.2, subdivision (b), imposes upon the county child welfare department an initial duty of inquiry to ask extended family members whether the child is, or may be, an Indian child, there probably is not substantial evidence to support the court's finding that ICWA did not apply to [K.C.] because HSA should have asked relatives about Indian ancestry."

Notwithstanding this error, HSA contends that "because mother . . . has not made any representation that any of the relatives if asked would actually claim Indian ancestry, any error was harmless."

"Courts of Appeal are divided as to whether a parent must make an affirmative showing of prejudice to support reversal where the [agency] failed fully to perform its initial duty of [ICWA] inquiry."[4] (*Antonio R.*, *supra*, 76 Cal.App.5th at p. 433.) After analyzing the conflicting views, a majority of this court concluded in *In re J.K.* (2022) 83 Cal.App.5th 498, 506-507, that (1) "[s]ection 224.2, subdivision (b) makes clear that [the agency's] duty of initial inquiry require[s] it to ask [the child's] extended family members about [the child's] potential Indian status," and (2) the juvenile court must "ensure that [the agency] . . . satisfied its initial inquiry duties and that the record so reflect." The majority rejected the argument that the appealing parent must show prejudice. (*Ibid*.) We adopt that view here.

As in *In re J.K.,* the agency and the juvenile court did not satisfy their ICWA duties. (See *In re J.K.*, supra, 83 Cal.App.5th

---

[4] This issue is currently on review in *In re Dezi C.* (2022) 79 Cal.App.5th 769, review granted Sept. 21, 2022, S275578.

4

at pp. 506-507.)  Indeed, HSA acknowledges it improperly limited the initial inquiry to K.C.'s parents.[5]

We are not persuaded by HSA's assertion that remanding the matter for satisfaction of these duties would be contrary to K.C.'s interests in permanency and stability. HSA "has contributed to the delay in the finality of these proceedings by opposing the appeal rather than stipulating to a remand.  [K.C.'s] interests are best served by a full resolution of all ICWA-related issues, and 'Indian tribes have interests protected by ICWA that are separate and distinct from the interests of parents of Indian children.'  [Citation.]"  (*In re J.K.*, *supra*, 83 Cal.App.5th at p. 510.)

## DISPOSITION[6]

The order terminating parental rights is conditionally affirmed.  The matter is remanded to the juvenile court for the limited purpose of allowing HSA and the juvenile court to satisfy their statutorily-mandated inquiry and notice duties under section 224.2 by, among other things, soliciting information (or making reasonable efforts to do so, supported by a showing of reasonable and due diligence) from K.C.'s extended family members regarding the child's possible Indian status.  All such

---

[5] The record reflects that a social worker asked "maternal aunt Nancy" and "maternal second cousin . . . Erica" whether they had "knowledge of being registered in an Indian tribe."  Both denied such registry.  The proper inquiry, however, is not whether K.C. or his relatives are or were registered tribal members but whether K.C. has any Indian ancestry and "is, or may be, an Indian child." (*Rylei S.*, *supra*, 81 Cal.App.5th at p. 318.)

[6] Our disposition is guided by our decision in *In re J.K.*, *supra*, 83 Cal.App.5th at pp. 511-512.

5

duties shall be promptly performed and completed with reasonable and due diligence.

After satisfying its initial inquiry duties in accordance with section 224.2, subdivision (b), HSA and the social worker shall file a report with the juvenile court (with any necessary attachments) setting forth the details and results of its inquiry, its reasonable and diligent efforts to contact the extended family members identified by the parents or any other individuals identified by the parents or extended family members who might be reasonably expected to have information about K.C.'s potential Indian status, and HSA's findings and recommendations regarding whether ICWA applies or may apply.

If the report and its attachments demonstrate that HSA has satisfied its duty of initial inquiry, the juvenile court shall so find and then proceed to find whether this new information gives the social worker or the court a "reason to believe" K.C. is or may be an Indian child, or a "reason to know" K.C. is an Indian child. If the court concludes there is still no "reason to believe" that K.C. is or may be an Indian child, it shall enter a new order finding that ICWA does not apply and the judgment (order terminating parental rights) shall become final as of that date.

If the juvenile court finds that the new information gives rise to a "reason to believe" that K.C. is or may be an Indian child, the court shall find that ICWA may apply and further inquiry shall be conducted in accordance with section 224.2, subdivision (e). If such further inquiry dispels the reason to believe that K.C. is or may be an Indian child, the court shall enter a new order finding that ICWA does not apply and the judgment (order terminating parental rights) shall become final as of that date.

6

If the information obtained during the initial or further inquiry gives the court or the social worker a "reason to know" that K.C. is an Indian child, the court shall ensure that proper notice of the proceedings is sent in accordance with section 224.2, subdivision (f) and section 224.3. If the court subsequently finds in accordance with section 224.2, subdivision (i)(2) that ICWA does not apply, it shall enter an order to that effect and the judgment shall become final as of that date.

If on remand a tribe informs the court that K.C. is a member of the tribe or eligible for membership and that the tribe intends to intervene in the proceedings, the court shall find that ICWA applies and enter an order to that effect. If the court issues such an order, the judgment (order terminating parental rights) is reversed as of that date. If the judgment is so reversed, the court shall promptly hold a new section 366.26 hearing in compliance with ICWA and related California law.

NOT TO BE PUBLISHED.

PERREN, J.*

I concur:

GILBERT, P. J.

---

\* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

YEGAN, J., Dissenting:

I respectfully dissent for the reasons stated in my dissenting opinion in *In re J.K.* (2022) 83 Cal.App.5th 498, 512-514 (dis. opn. of Yegan, J.).

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

Tari L. Cody, Judge
Superior Court County of Ventura

_____

Karen B. Stalter, under appointment by the Court of Appeal, for Defendant and Appellant.

Tiffany N. North, County Counsel, and Joseph J. Randazzo, Principal Assistant County Counsel, for Plaintiff and Respondent.